UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN SULLIVAN,<br><br>    Plaintiff,<br><br>v.<br><br>BUILT BRANDS LLC,<br><br>    Defendant. | Case No. 24-cv-04565-JST<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 15 |

Before the Court is Defendant Built Brands LLC's ("Built") motion to dismiss. ECF No. 15. The Court will grant the motion in part.

## I. BACKGROUND

Plaintiff Sean Sullivan brings this putative class action against Built, alleging that Built misrepresents the amount of protein contained in its Built Protein Bars and Puffs (together, "the Products") by labeling them as containing 15 to 19 grams of protein per serving. ECF No. 1 ¶¶ 15, 16. He claims that this labeling is false and misleading, based on third-party laboratory testing that allegedly showed lower actual protein content than represented. *Id.* ¶¶ 17–19. Sullivan asserts claims for violation of California's Consumer Legal Remedies Act ("CLRA"), unjust enrichment, and breach of express warranty.

## II. JURISDICTION

Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1332(d).

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted).

## IV.     DISCUSSION[1]

Built asserts that Sullivan "must demonstrate that he lacks an adequate remedy at law" before securing equitable relief. ECF No. 53 at 9 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). Sullivan responds that his Complaint "pleads entitlement to equitable relief 'in the alternative,'" and that even under *Sonner*, courts in this district "typically permit the pursuit of alternative remedies at the pleadings stage." ECF No. 16 at 16–17 (quoting *Steiner v. Vi-Jon Inc.*, 723 F. Supp. 3d 784, 795 (N.D. Cal. 2024)).

In *Sonner*, the Ninth Circuit held that "a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA." 971 F.3d at 841. However, Sullivan is correct that "[t]his Court, together with the majority of courts in this district, understands *Sonner* to require far less at the pleading stage." *In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1012 (N.D. Cal. 2023); *see Murphy v. Olly Public Benefit Corp.*, No. 22-cv-

---

[1] The Court notes that Built no longer challenges the Complaint on preemption grounds given the Ninth Circuit's recent opinion in *Scheibe v. ProSupps USA, LLC*, 141 F.4th 1094 (9th Cir. 2025). ECF No. 23 at 2. Accordingly, the Court addresses only the second argument raised in Built's motion to dismiss.

03760-CRB, 651 F.Supp.3d 1111, 1129 (N.D. Cal. Jan. 17, 2023) ("*Sonner* does not require Plaintiffs to 'demonstrate' anything at the pleadings stage. Plaintiffs alleged that legal remedies were not as certain as equitable remedies. That is sufficient.") (internal citation omitted); *Carroll v. Myriad Genetics*, No. 22-cv-00739-YGR, 2022 WL 16860013, at *6 (N.D. Cal. Nov. 9, 2022) ("*Sonner* does not address what a plaintiff must allege at the pleading stage in order to proceed on her equitable claims."); *Warren v. Whole Foods Mkt. Cal., Inc*., No. 21-cv-04577-EMC, 2022 WL 2644103, at *9 (N.D. Cal. July 8, 2022) ("[The plaintiff] is not barred by *Sonner* . . . from pursuing alternative remedies at this early stage of the suit."); *Jeong v. Nexo Fin. LLC*, No. 21-cv-2392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) ("There is no binding precedent that holds that pleading equitable restitution in the alternative is improper."); *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-cv-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) ("[B]ecause *Sonner* was decided at a later posture, . . . if a plaintiff pleads that she lacks an adequate legal remedy, *Sonner* will rarely (if ever) require more this early in the case.").

Here, Sullivan pleads that he is entitled to "disgorgement of Defendant's ill-gotten gains and restitution of Defendant's wrongful profits, revenue, and benefits" that Built received from the sale of its product. ECF No. 1 ¶ 63. Critically, however, Sullivan fails to allege that he lacks an adequate legal remedy. Accordingly, Sullivan's claims for equitable relief are dismissed with leave to amend.

## CONCLUSION

For the reasons above, Sullivan's claims for equitable relief are dismissed with leave to amend. Within 21 days of this order, Sullivan may file an amended complaint solely to correct the deficiencies outlined above.

**IT IS SO ORDERED.**

Dated: October 3, 2025

												JON S. TIGAR
												United States District Judge